THORNE, Judge
(concurring):
€{112 I concur in the majority opinion's ultimate conclusion that Davis's convictions be affirmed, and I largely concur in its analysis of Davis's arguments on appeal. However, I disagree with the majority's assumption that the trial court erred-albeit harmlessly-when it answered the jury's inquiry about the prosecutor's discretion to bring charges against Davis. I see no abuse of discretion in the trial court's handling of the jury's question, and I therefore conclude that the trial court's answer does not constitute error.
113 The trial court is granted the discretion to decide how best to handle inquiries on points of law from a deliberating jury. While rule 17(n) of the Utah Rules of Criminal Procedure allows the trial court to either "respond to the inquiry or advise the jury that no further instructions shall be given," Utah R.Crim. P. 17(n) (emphasis added), the trial court "may in its discretion respond to the inquiry in writing without having the jury brought before the court." Id.[14]
T114 Of course, there are limitations on the trial court's discretion to respond to jury inquiries. Pursuant to rule 19(F) of the Utah Rules of Criminal Procedure, the trial court "shall not comment on the evidence in the case, and if the court refers to any of the evidence, it shall instruct the jury that they are the exclusive judges of all questions of fact." Id. R. 19(F); see State v. Alonzo, 973 P.2d 975, 980 (Utah 1998) ("[A] court may not comment on the weight of the evidence presented at trial or comment on the merits of the case in such a way that indicates a preference toward either party."). A trial court's response to a jury's inquiry must also accurately state the law. Cf. State v. Marchet, 2012 UT App 197, ¶ 17, 284 P.3d 668 ("[JJury instructions should not incorrectly or misleadingly state the law." (citation and. internal quotation marks omitted)).
{115 Here, the trial court apparently informed the jury, after receiving the jury's inquiry, that the prosecutor was not required to file a criminal case every time someone claims to be the victim of a crime. This response did not comment on the evidence of *563 the case, nor was it an inaccurate statement of law. See State v. Geer, 765 P.2d 1, 3 (Utah Ct.App.1988) ("Prosecutors are given broad discretion in determining whether to prosecute."). Nevertheless, the majority opinion assumes that the trial court's response to the jury inquiry was error. I cannot join in that assumption because it is clear to me that the trial court's response fell within the appropriate range of its discretion.
[116 The question of prosecutorial decision-making was not directly at issue in this case and is additionally a matter of common knowledge among reasonably informed citizens. However, some dispute on the issue had apparently arisen between the jurors, and they considered it important enough to ask the court for clarification. In my opinion, the trial court acted well within its discretion when it accurately responded to the jury's request for further instruction. Cf. State v. Couch, 635 P.2d 89, 95 (Utah 1981) ("The critical fact is that the jury has signi-Fed its lack of understanding of the meaning of a word it must apply in performing its function." (emphasis added)).
117 The Utah Supreme Court's analysis in State v. Couch is instructive on this point. In Couch, the trial court refused the jury's request that it define a common word that was contained in an element of an offense. The supreme court reversed the defendant's conviction based on the trial court's refusal to provide the requested definition. See id. at 93-95. The supreme court explained that "Tilt is normally unnecessary and undesirable for .a trial judge to volunteer definitions of terms of common usage for the jury." Id. at 94. "Where the jury requests the instruction, however, it is generally held error to refuse to provide a definition, even where the word is a term of common meaning." Id.
1 118 Obviously, the tangential information requested in this case is not as critical as the element definition requested in Couch. Nevertheless, Couch supports the proposition that the trial court may provide even commonly known information to the jury upon the jury's request, and this is true even when it would be inappropriate to so instruct the jury as an initial matter. Further, even though the prosecutorial discretion issue was tangential in this case, the trial court evidently determined that it was better to correctly answer the jury's question than to allow the jury to speculate on the matter or proceed on an incorrect understanding of the law.
1119 Finally, the modern trend in jury trials is clearly towards empowering jurors to ask questions and otherwise treating jurors like adult participants in the fact-finding process. For example, in 2002, Utah amended its Rules of Criminal Procedure to allow Jurors to ask questions of witnesses at criminal trials. See Utah R.Crim. P. 170) & amend. note (2008). In light of this trend, I believe the trial court should be granted broad discretion to entertain jury requests for information so long as those requests can be answered accurately and without commenting on the evidence or the relative strength of the parties' cases.
1120 The trial court's response to the Jury's inquiry in this case was accurate and did not constitute a comment on the evidence or the strength or weakness of either party's case. Accordingly, I would hold that the trial court's decision to respect the jury's request for information on prosecutorial charging discretion fell within the boundaries of its discretion and did not constitute error.[15] On this limited point alone, I respectfully disagree with the majority opinion.

. I acknowledge that when the trial court avails itself of the authority to respond to jury inquiries in writing, as it did in this case, it is obligated to place its response into the record. See Utah R.Crim. P. 17(n). Even though the record in this case does not, for unknown reasons, contain the trial court's response, I am satisfied with the majority opinion's treatment of the record deficiency. See supra 19% 85-95.

. Although I see no error in the trial court's response to the jury, I agree with the majority opinion's conclusion that Davis has not established any prejudice resulting from that response.